UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:03-cr-8-FtM-29SPC

TERRENCE TIMONE BELL

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) (Doc. #74) filed on November 3, 2011. In an Order (Doc. #75) dated November 7, 2011, the Court directed the Probation Office to prepare a memorandum as to defendant's eligibility under Amendment 750 of the U.S. Sentencing Guidelines, and appointed the Federal Public Defender to represent defendant. The Probation Office Memorandum was filed and provided to defendant on November 15, 2011 (Doc. #78). The Federal Public Defender has filed Mr. Bell's Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #82), and the government has filed its Opposition to Sentence Reduction (Doc. #84). Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

(c) The court may not modify a term of imprisonment once it has been imposed except that -
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant, that his Base Offense Level was 26 and his Total Offense Level was 23. Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 34 and his Enhanced Offense Level was 31. Defendant's Criminal History Category was Category VI under both the normal computation and based on his career offender status. The Enhanced Offense Level of 31 and the Criminal History Category of VI resulted in a Sentencing Guidelines range of 188 to 235 months imprisonment. Defendant was sentenced to 188 months imprisonment.

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant

was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), cert. denied, 129 S. Ct. 1601 (2009). Unlike Freeman v. United States, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), but a defendant who was convicted at trial. Additionally, the Court finds nothing in Freeman which undermines Moore, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) (Doc. #74) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of February, 2012.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
Terrence Timone Bell